UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LANDA ZARAGOZA, MATEO,
HITZIL CRUZ, DAVID

Petitioners,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No.   1:26-cv-05294 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 4

Petitioners Mateo Landa Zaragoza and David Hitzil Cruz were detained and arrested by Immigration and Customs Enforcement ("ICE") on July 6, 2026. Dkt. No. 1 ¶ 1. They argue in the instant petition for writ of habeas corpus and motion for a temporary restraining order (Dkt. No. 4), that their arrests were made in violation of 8 U.S.C. § 1357(a)(2), 8 C.F.R. § 287.3(a), the Fourth Amendment, and due process. *Id*. ¶¶ 25–40. Respondents oppose the request for injunctive relief, arguing that Petitioners' detention is lawful under 8 U.S.C § 1225(b)(2). For the reasons that follow, the Court GRANTS the petition and resolves the motion for a temporary restraining order as moot.[1]

I.      **BACKGROUND**

The facts for each Petitioner here are nearly identical. Both entered the United States several years ago without inspection and were not encountered by immigration officials at or near the border. Dkt. No. 1 ¶¶ 21–23. They were both arrested by ICE on July 6, 2026, and allege that

---

[1] On July 9, 2026, the Court set an expedited briefing schedule on the motion for a temporary restraining order in which it directed Respondents to state whether it opposed the conversion of a temporary restraining order to a preliminary injunction. Dkt. No. 6. Respondents informed the Court that they did not oppose the conversion, and indeed would not oppose the Court ruling directly on the underlying petition. *See* Dkt. No. 9 at 1 ("Respondents do not intend to submit further substantive briefing; they therefore do not oppose the Court ruling on injunctive relief and the merits of the Habeas Petition at the same time."). To save judicial and party resources, the Court enters an order directly on the petition.

Case No.: 1:26-cv-05294-EJD

1

they were not presented with properly executed warrants at the time of their arrests, nor were they informed of the basis of their arrests. *Id*. They were subsequently transported to the California City Detention Facility where they remain detained. *Id*. ¶ 1. The instant petition and motion for a temporary restraining order followed.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

As an initial matter, the Court rejects Respondents' sole argument that Petitioners' detentions are lawful under 8 U.S.C. § 1225(b)(2). This argument has been widely rejected across this circuit, with Courts finding that § 1225(b)(2) does not apply to noncitizens arrested by immigration authorities in the interior of the United States. *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases); *Sandigo Manzanez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, *3 (E.D. Cal. Sept. 3, 2025) ("[T]he legal arguments Respondents rely upon to support their position that section 1225 applies here have been consistently rejected by a majority of courts in this district, and courts across the country."); *Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025). "These courts examined the text, structure, agency application, and legislative

Case No.: 1:26-cv-05294-EJD

United States District Court
Eastern District of California

United States District Court
Eastern District of California

history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at \*8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

Accordingly, the Court finds Petitioners are not applicants for admission subject to mandatory detention under § 1225(b)(2). Rather, Petitioners' detentions are governed by § 1226(a) and they are entitled to the process required by that statute.

Turning next to Petitioners' warrantless arrest claim under 8 U.S.C. §1357(a)(2),[2] § 1226 of the INA—the relevant detention provision for the instant case—provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Per 8 C.F.R. § 236.1(b)(1), a noncitizen may only be arrested and detained pursuant to the Form I-200 Administrative Warrant if it is issued by an authorized official:

> At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest. A warrant of arrest may be issued only by those immigration officers listed in § 287.5(e)(2) of this chapter and may be served only by those immigration officers listed in § 287.5(e)(3) of this chapter.

8 C.F.R. § 236.1(b)(1).

Immigration officers are authorized to make warrantless arrests in limited circumstances. These include when a noncitizen is "entering or attempting to enter the United States in violation of any law or regulation … regulating the admission, exclusion, expulsion, or removal of aliens," or when an officer has reason to believe (i) the noncitizen is in the United States in violation of such laws or regulations and (ii) the noncitizen is likely to "escape" before an arrest warrant can be obtained. 8 U.S.C. § 1357(a)(2); *see also* 8 U.S.C. §§ 1357(a)(4) – (5) (providing other

---

[2] Petitioners also bring claims for violation of the Fourth Amendment (counts 2, 3) and violation of the due process clause (count 4). As Petitioners' claim for violation of 8 U.S.C. §1357(a)(2) (count 1) affords them the relief they seek—i.e., release from detention—the Court need not consider their remaining three claims.

Case No.: 1:26-cv-05294-EJD

circumstances that justify warrantless arrest).

Petitioners' arrests and subsequent detentions were unlawful because they were made without a warrant, and no exceptions under §1357(a)(2) applied. *See* Dkt. No. 1 ¶¶ 20–23. Indeed, Respondents do not dispute that Petitioners' arrests were warrantless, nor have they provided any argument that Petitioners' arrests fell into one of the enumerated statutory exceptions. Dkt. No. 9 at 2. As "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)[,]" unless an exception applies, "a noncitizen may not be arrested and detained under section 1226(a)" without one. *Sergio P. v. Bondi*, No. 26-CV-1538 (ECT/DTS), 2026 WL 497290, at *2 (D. Minn. Feb. 23, 2026) (cleaned up); *see also Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *4 (D. Nev. Apr. 6, 2026) (warrantless arrest of noncitizen was unlawful). Given that Respondents failed to follow the procedures authorizing detention under § 1226(a), Petitioners' current detentions are "divorced from a finding of probable cause," and release is warranted. *Romero-Perez v. Blanche*, No. 2:26-CV-01708-RFB-BNW, 2026 WL 1724752, at *3 (D. Nev. June 15, 2026).

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the petition for writ of habeas corpus is GRANTED. Respondents are ordered to immediately release Petitioners Mateo Landa Zaragoza and David Hitzil Cruz from custody. If the Government seeks to re-detain Petitioners, it must provide no less than seven (7) days' notice and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations for each Petitioner, at which their eligibility for bond must be considered. This order does not address the circumstances under which the Government may detain Petitioners pursuant to a final order of removal.

**IT IS SO ORDERED.**

Dated: July 15, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 1:26-cv-05294-EJD

4